IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAREN J. MCINTOSH                                              PLAINTIFF

v.                        No. 4:17-cv-757-DPM

COUNTRY CLUB OF LITTLE ROCK;
and JUDITH M. REEVES a/k/a JODI REEVES           DEFENDANTS

ORDER

Karen McIntosh worked in the Country Club of Little Rock's accounting department for more than seven years. In 2016, the Country Club fired her. She was sixty-three years old. Jodi Reeves, her supervisor, says she fired McIntosh because her computer skills weren't advanced enough for the new accounting software the Country Club was adopting. McIntosh says she was fired because of her age, contrary to federal law. She also makes two related claims under Arkansas law. The Court considers the facts, where genuinely disputed, in the light most favorable to McIntosh. *Woods v. DaimlerChrysler Corporation*, 409 F.3d 984, 990 (8th Cir. 2005).

**1. ADEA.** There's no direct evidence of age discrimination. The familiar *McDonnell Douglas* burden shifting framework therefore applies. McIntosh has established a *prima facie* case of discrimination. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011) (*en banc*). For its part, the Country Club has articulated a legitimate,

nondiscriminatory reason for firing McIntosh—her lack of computer skills. № 17-1 at 36. McIntosh must therefore present evidence that "creates a fact issue as to whether the [Country Club's] proffered reasons are pretextual" and raises "a reasonable inference that age was a determinative factor in the adverse employment decision." *Tusing v. Des Moines Independent Community School District*, 639 F.3d 507, 516 (8th Cir. 2011) (quotation omitted).

McIntosh hasn't carried this burden. She acknowledges she didn't have the database skills required to operate the new software, but says the Country Club's decision to fire rather than train her is evidence of age discrimination. The ADEA doesn't obligate the Country Club to train an unqualified employee, though. And McIntosh's replacement was fifty-six years old and had the necessary computer skills. № 19 at 6.

McIntosh points to the many glowing commendations and bonuses she received over the years from the Country Club as proof of pretext. № 24-2. These awards, however, don't show that she was fired because of her age and not her lack of computer skills. McIntosh also says that Reeves was jealous that she was financially comfortable and able to retire. An employer's consideration of an employee's retirement eligibility might allow a reasonable inference of age discrimination. *Hilde v. City of Eveleth*, 777 F.3d 998, 1006 (8th Cir. 2015). But McIntosh

hasn't presented any evidence that Reeves or the Country Club considered her finances when deciding to fire her.

There has been no shifting explanation, either. The Country Club has consistently stated its reason for firing McIntosh—her inadequate computer skills. The record contains several minor disciplinary write-ups, *№ 17-1 at 30–34*, but the Country Club hasn't said that it fired McIntosh for these infractions.

McIntosh also points to the Country Club's treatment of other older employees as evidence of age discrimination. She says the Country Club fired four other older employees. But there's no evidence that these employees were fired because of their age. It's true that, a year before McIntosh was fired, Reeves expressed surprise that the Country Club hired an older woman as banquet director. Reeves said, "She's old. She's fifty-seven." *№ 26 at 6*. This was a stray remark, unrelated to the process of firing McIntosh. *Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 954 (8th Cir. 2012).

The ADEA requires evidence that age was the but-for cause of the firing decision. *Tusing*, 639 F.3d at 516. McIntosh hasn't presented enough evidence for a jury to conclude that it was.

**2. State claims.** McIntosh also brings two state-law claims about her termination: false imprisonment and outrage. There are no genuinely disputed material facts. And these claims fail as a matter of law.

McIntosh says she was falsely imprisoned during the meeting when she was fired. This tort requires an "express or implied threat of force whereby one is deprived of his liberty or compelled to go where one does not wish to go." *Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 83, 876 S.W.2d 248, 250 (1994). McIntosh freely went to Reeves's office when asked; she wasn't forced to go. The Court understands that she was concerned about losing severance pay or being seen as insubordinate. Those concerns, however, don't amount to the force the law requires. Reeves's office door was locked from the inside during the meeting, and the Country Club's general manager was seated in a chair by the locked door. But McIntosh was free to leave. She did leave after she was fired.

Nothing outrageous occurred. This tort requires extreme and outrageous conduct beyond all possible bounds of decency. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957, 69 S.W.3d 393, 403–04 (2002). McIntosh says that Reeves shouted insults at her after she was fired. While these words offended McIntosh, they aren't beyond all bounds of decency. McIntosh sought medical care after she was fired. № 26 at 8. But, she hasn't shown that Reeves's insults caused her emotional distress so severe that no reasonable person could be expected to endure it. *Faulkner*, 347 Ark. at 957.

* * *

The motion for summary judgment, № 16, is granted. McIntosh's complaint will be dismissed with prejudice.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 June 2019